UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------x
ROBERT CHASE,

        Plaintiff

v.                                      Civil Action No. 1:12-cv-11182-DPW

UNITED STATES POSTAL
SERVICE, MICHAEL KING,
and the UNITED STATES,

        Defendants.

---------------------------------------------------x

## PROPOSED STIPULATION AND PROTECTIVE ORDER

1. This Stipulation and Protective Order ("Stipulation") shall govern the request, production, maintenance, copying, use, disclosure, disposal, and return of "Confidential Material" obtained or produced during the course of litigating the above-captioned matter by counsel for the plaintiff and counsel for the defendants ("stipulating counsel"). The parties, and stipulating counsel, agree to be bound by this Stipulation and shall act in conformity with the terms of this Stipulation.

2. The term "Confidential Material," as used in this Stipulation, shall refer to any material obtained or produced by the parties during discovery that is of a confidential, private or privileged nature, and/or subject to the Privacy Act of

    1974, 5 U.S.C. § 552a, and regulations promulgated thereunder ("Privacy Act"), and that the parties believe, in good faith, constitutes, contains or reflects confidential information or is subject to the Privacy Act, and which has been so marked, or so designated in writing by counsel at the time of its production as Confidential Material.

3. Any and all copies of such Confidential Material are made subject to the provisions of this Stipulation and such copies shall be treated, in all respects, as confidential.  Should a document be designated as Confidential Material, the parties shall treat all portions, sections, and parts of the document, and all information contained therein, as subject to the provisions of this Stipulation. Should a producing party wish to designate only certain portions or sections of a document, or the information contained therein, as confidential, such intent shall be expressed clearly at the time of production.  While identification as Confidential Material shall not be considered to be a concession by any party that all or any portion of a document does, in fact, constitute confidential information entitled to protection as such, that designation shall be sufficient to cause such document or portion thereof to be subject to the provisions of this Stipulation.

4. In the event that any party fails to designate any document or information as Confidential Material which it later determines ought to be so designated, that

party may later designate any such document or information as Confidential Material, provided that it shall not be a violation of this Stipulation to have disclosed such document or information prior to notice of its designation as Confidential Material.

5. Documents designated as Confidential Material, or the information contained or reflected therein, shall not be disclosed, without the express consent of the producing party or by specific order of the United States District Court, District of Massachusetts ("the Court"), to any person other than stipulating counsel, except that Confidential Material may be released to:

   a. The parties (provided they have been given a copy of, and agree to abide by the terms of, this Stipulation);

   b. Employees and staff at the respective law offices of stipulating counsel, and third parties who are hired or paid by the respective law offices of stipulating counsel to assist in this action;

   c. Insurance representatives of the parties or stipulating counsel;

   d. The Court, court employees, court reporters, stenographic reporters, jurors, and all other persons necessary to the conduct of pre- and post-trial motions, depositions, mediation, hearings, and trial;

   e. Witnesses (provided the witnesses have been given a copy of, and

                agree to abide by the terms of, this Stipulation);

        f.        deponents during depositions, judicial hearings, and trial (provided such persons have been given a copy of, and agree to abide by the terms of, this Stipulation);

        g.        Consultants, focus group participants, and experts hired by the parties or stipulating counsel (provided such persons have been given a copy of, and agree to abide by the terms of, this Stipulation); and

        h.        Any other person whom stipulating counsel agree in writing or whom the Court specifically directs may review the Confidential Material.

6.    Persons who have access to Confidential Material shall comply with the provisions of the Privacy Act, if applicable, and shall follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody. Specifically, such persons shall control and supervise the documents and/or information derived from them to prevent unauthorized or accidental disclosure of personal information.

7.    Deposition testimony concerning Confidential Material which reveals the contents of such material may be designated as confidential by the party who

produced such Confidential Material and thereupon shall be prominently so marked and shall be subject to this Stipulation.

8. Interrogatories, document requests, requests for admissions, depositions, and any other means of obtaining discovery, and any responses to any of these which contain or refer to the Confidential Material, may be designated as confidential by counsel to the party producing such Confidential Material and will thereby be treated and protected pursuant to this Stipulation.

9. Every person, firm or organization receiving Confidential Material pursuant to this Stipulation shall use the same solely for purposes related to this action and for no other purpose.  Such recipients shall not sell, offer to sell, make available, communicate or give the Confidential Material or its substance, in whole or in part, to any other person, firm or organization, except in accordance with this Stipulation.

10. If a party seeks to establish that a document, either in part or in its entirety, is not of a confidential nature and is not entitled to the protections afforded by this Stipulation, the party contesting designation of confidentiality shall notify all counsel of the objection and the basis for the objection.  If the parties cannot resolve the dispute within ten (10) days of such notification being made, the party contesting the confidentiality of the document may file an appropriate motion with the Court.

11. Nothing herein shall preclude any party to this action from moving to vacate or modify this Stipulation or any provision thereof as it pertains to all or any of the material covered by this Stipulation.

12. By making information and documents designated as Confidential Material available for use in this action, the producing party has not waived or compromised, and neither the parties, nor stipulating counsel, nor any other person, firm or organization shall contend, that the parties in this action have waived or compromised the confidentiality of the Confidential Material.

13. Nothing in this Stipulation shall prohibit, during the litigation of this matter, the use of any Confidential Material in pre- and post-trial motions, depositions, mediation, hearings, and trial, provided however, that Confidential Material shall not be publicly disclosed, *e.g.*, in publicly filed court papers. Such non-public use shall not constitute a waiver (express or implied) of the provisions of the Stipulation.

14. To the extent that the Privacy Act may apply to certain Confidential Information, this Stipulation shall constitute a court order authorizing the limited disclosure of documents pursuant to 5 U.S.C. § 552a(b)(11).

15. The provisions of this Stipulation shall survive the termination of this action. Within ninety (90) days of the termination of the action, and at any party's request, all documents and materials marked Confidential Material shall be

delivered to counsel for the producing party and all copies of same shall be destroyed unless the parties are directed to otherwise dispose of the material pursuant to a specific Court order.

Agreed to by the parties, through their respective counsel:

Respectfully submitted,

| | |
|---|---|
| ROBERT CHASE,<br>By his attorney,<br><br>*/s/ Lori A. Jodoin*<br>Lori A. Jodoin<br>BBO# 655840<br>Rodgers Powers & Schwartz LLP<br>18 Tremont Street<br>Boston, MA 02108<br>(617) 742-7010<br>Lori@TheEmploymentLawyers.com | U.S. POSTAL SERVICE,<br>MICHAEL KING, and THE<br>UNITED STATES,<br>By their attorney,<br>CARMEN M. ORTIZ<br>United States Attorney<br><br>*/s/ Christine J. Wichers*<br>By: Christine J. Wichers<br>Assistant U.S. Attorney<br>One Courthouse Way<br>Boston, MA 02210<br>(617) 748-3278<br>christine.wichers@usdoj.gov |

Dated:  June 17, 2013

SO ORDERED:

_____     Dated: _____, 2013
Hon. Douglas P. Woodlock,
U.S. District Court Judge
District of Massachusetts

8